United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50691
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARTIN CAZARES-MEJIA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-420-2
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Martin Cazares-Mejia ("Cazares") pleaded guilty to

possession with intent to distribute 50 kilograms or more, but

less than 100 kilograms of marijuana.  21 U.S.C. § 841(a)(1);

18 U.S.C. § 2.  He appeals the district court's denial of his

motion to suppress his post-detention statements and the

marijuana found in the vehicle in which he was a passenger.

Fidencio Sanchez-Pena, the driver of the vehicle and a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

codefendant, filed a similar motion to suppress.  This court has already upheld the district court's denial of Sanchez's motion to suppress the marijuana, rejecting the same arguments raised herein by Cazares.  See United States v. Sanchez-Pena, No. 01-50736 (5th Cir. June 27, 2003)(copy at green tab).  Under the law-of-the-case doctrine, Cazares' arguments challenging the extended detention must be rejected.  See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998).  Cazares' argument that his post-detention statements must be suppressed as "fruit of the poisonous tree" is yet another challenge to the extended detention and is therefore unavailing.  See Wong Sun v. United States, 371 U.S. 471, 485-88 (1963).

AFFIRMED.